In the Matter of the Accounting of JESSE D. CLARKSON et al., as Trustees under the Will of HARRIET P. CLARKSON, Deceased.

Surrogate's Court, Suffolk County, September 25, 1951.

*Frederick S. Martyn* for trustees, petitioners.

*Harry J. McDermott* for David E. Clarkson, respondent.

HAZLETON, S. The deceased departed this life in Massachusetts in 1940, in which State her will had been executed. However, she died a resident of the State of California, and her will was probated in Suffolk County, New York. This court originally took jurisdiction pursuant to the provisions of subdivision 3 of section 45 of the Surrogate's Court Act.

In this accounting proceeding this court is requested to construe paragraph Three of the will which sets up a trust and instructs the trustees: " To pay one-quarter of the net income thereof to or for the benefit of my son, David Ellsworth Clarkson, until he shall have attained the age of thirty (30) years, and upon his attaining the age of thirty (30) years, to pay one-half of the net income to or for the benefit of my said son until he shall attain the age of forty-five (45) years, and upon his attaining the age of forty-five (45) years, to pay the principal of said trust fund together with accumulated income thereon to my said son, David Ellsworth Clarkson.''

The son, who has attained his majority, has demanded that the trustees pay over to him the entire accumulated income of the trust, and thereafter annually pay to him the net future income. His claim to such entire income is based upon the fact that although the testatrix died a resident of California, that State has permitted trustees appointed in this jurisdiction to administer the testamentary trust so that the laws of this State apply and control the payment of income. It is further submitted that these statutes establish a public policy of New York State which forbids accumulation of income as provided by the paragraph of the will under consideration.

Admittedly the intention of the testatrix as clearly stated in her will is totally different from the construction sought in this proceeding. This construction would not express the intention of the deceased but absolutely defeat her wishes as to when the income from the trust fund should be paid over to her son. The construction prayed for would interdict the expressed will of the deceased upon the ground that the law of this State forbids carrying out the intention of the testatrix.

Public policy is circumscribed by the limits fixed by what is found in our Constitution and statutes as held by our Court of Appeals in *People* v. *Hawkins* (157 N. Y. 1, 12): " The term ' public policy ' is frequently used in a very vague, loose or inaccurate sense. The courts have often found it necessary to define its juridical meaning, and have held that a state can have no public policy except what is to be found in its Constitution

and laws. (*Vidal* v. *Girard's Exrs.*, 2 How. [U. S.] 127; *Hollis* v. *Drew Theological Seminary*, 95 N. Y. 166; *Cross* v. *U. S. T. Co.*, 131 N. Y. 343; *Dammert* v. *Osborn*, 140 N. Y. 40.) Therefore, when we speak of the public policy of the state, we mean the law of the state, whether found in the Constitution, the statutes or judicial records ".

The public policy of this State is that there may be no accumulation of income beyond the minority of an infant. The Legislature has given expression to this policy by enacting section 16 of the Personal Property Law and section 61 of the Real Property Law. Both of these statutes provide that a direction for an accumulation for a longer term than the minority of the persons for whose benefit it is intended is void as to the period beyond the minority but legal during such minority.

Section 16 of the Personal Property Law states: " 3. * * * a direction for any such accumulation for a longer term than the minority of the persons intended to be benefited thereby, has the same effect as if limited to the minority of such persons, and is void as respects the time beyond such minority."

Section 61 of the Real Property Law states: " 3. If * * * such direction be for a longer term than during the minority of the beneficiaries, it shall be void only as to the time beyond such minority."

It, therefore, follows that the provision of the will for an accumulation of income, beyond the minority of the beneficiary David Ellsworth Clarkson, and deferring the payment of such accumulation to him until he reaches the age of forty-five years, is contrary to the public policy of this State as enunciated in its statutes.

However, since the deceased at the time of her death was a resident of the State of California, the second question presented is whether this court should follow the law of California, the domicile of the testatrix, or the law of New York State.

It is conceded that the provision of the will providing for the accumulation of income beyond the minority of the beneficiary is valid under the laws of California. (*Reiss* v. *Reiss*, 45 Cal. App. 2d 740; *Matter of Hardy*, 62 Cal. App. 2d 958.)

On the other hand such provision for accumulation beyond the minority of the beneficiary is void under the laws of New York.

Since the petitioning trustees have been appointed by this court and are administering the trust within this jurisdiction, by virtue of a decree of the California court ordering a transfer

to such trustees, this court believes the law of this State to be controlling.

This court is not bound by comity to effectuate a foreign law which would contravene the positive policy of the law of the forum and when one person sends property into another jurisdiction he subjects it to the laws of the foreign forum. (*Walworth* v. *Harris,* 129 U. S. 355; *Green* v. *Van Buskirk,* 5 Wall. [U. S.] 307.) Similarly the New York courts have held that comity does not require them to substitute the policy and laws of a foreign State in place of its own. (*Clough* v. *Gardiner,* 111 Misc. 244; *Pennington* v. *Townsend,* 7 Wend. 276.)

In the present case the trustees were appointed by this court and not the California court. Hence they are accountable only to this court, under whose authority they act. The California court surrendered jurisdiction over the trust by ordering the transfer of property from California to these trustees. Consequently, this court has sole jurisdiction of the trust and of the trustees appointed by it. Conversely, the California court has jurisdiction of neither the trust nor the trustees.

The accumulation of income of the trust being illegal, the accumulated income is payable to the person presumptively entitled to the next eventual estate, that is, to the son of deceased, David Ellsworth Clarkson, who is entitled to receive the income at the end of the period of accumulation. (*St. John* v. *Andrews Inst.,* 191 N. Y. 254, 279.) The beneficiary is also entitled to receive the net future income of the trust, for its duration since the provision for accumulating income, being invalid, must be ignored although the trust is otherwise valid. (Personal Property Law, § 16; Real Property Law, § 61.)

It follows that it is the duty of the trustees to pay over to the beneficiary of the trust all the presently accumulated income and also pay over to the beneficiary annually all the net future income of the trust.

Submit decree in accordance with this opinion.